# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 27, 2007 Session

## STATE OF TENNESSEE v. DAVID HAROLD HANSON

**Direct Appeal from the Criminal Court for Anderson County**
**No. A4CR0208      James B. Scott, Judge**

---

**No. E2006-00883-CCA-R3-CD - Filed August 27, 2007**

---

Wedemeyer, Robert W., Judge, concurring in part, dissenting in part.

I am, respectfully, unable to join in the majority's reversal of the trial court's judgment of conviction due to the insufficiency of the evidence, although I concur in the majority opinion regarding all other issues. The majority concludes that there is insufficient evidence upon which a rational trier of fact could conclude that the Defendant, knowingly, by other than accidental means, inflicted serious injury on this victim. Specifically, the majority concludes that there is a failure of evidence with regard to the Defendant's mens rea.

The law requires that we resolve all conflicts in favor of the State after a verdict of guilty. *State v. Harris,* 839 S.W.2d 54, 75 (Tenn. 1992). Thus, the evidence presented by the State is, in my summation, as follows: the Defendant was alone with the victim during the time period in question; when the Defendant's wife arrived home, she, at the Defendant's direction, found the victim with what appeared to be an injured leg; the victim was taken to the hospital, where, in the course of treatment, the victim was seen by no fewer than five doctors. Specifically, Dr. Nunly, the emergency room physician, testified that the fracture to the victim's right ankle was a "corner" or "bucket handle" fracture cause exclusively by child abuse. Dr. Nunly also testified that the fractures were not consistent with a fall, but with shaking or extreme rotation. Dr. Roberts, a specialist in pediatric radiology, testified that the victim's break was inconsistent with a fall, but consistent with twisting or pulling. Dr. Morris, the victim's pediatrician, testified that, within a "reasonable medical certainty" the child was a victim of child abuse. Dr. Turner, a specialist in orthopedic surgery, testified that the break was caused by non-accidental trauma. Dr. Campbell, a pediatric emergency room physician, testified that the break was a result of non-accidental trauma and that the nature of the break is inconsistent with a fall. Additionally, Dr. Campbell testified that whomever caused the injuries would be aware that the force being delivered would cause injury.

If a rational jury can reasonably infer, from this body of evidence, that the Defendant knowingly, by other than accidental means, caused the victim's injuries, the Defendant has not carried his burden on appeal. In my view, these facts do support an inference of knowing conduct. I readily admit that there is no direct evidence of the Defendant's state of mind. We have no confession or statement from

the Defendant admitting he acted knowingly. Thus, this element of the crime, in this case and most others of this nature, must be shown by the surrounding circumstances, which will permit a jury to infer the Defendant acted knowingly, by other than accidental means. *See State v. Carruthers*, 35 S.W.3d 516, 577-78 (Tenn. 2000) (directing that the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may drawn therefrom); *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999) (allowing facts to be proven by circumstantial evidence); *see also* 22 C.J.S. Criminal Law § 37 (2006) ("The defendant's intent is to be determined by his or her words, acts, and conduct."). As stated in the most basic of law treatises, intent "is difficult to ascertain with precise or direct proof and need not be established thereby, but it may be implied or inferred from the facts and circumstances which legitimately permit it." 22 C.J.S. Criminal Law § 41 (2006).

Thus, the paramount question here is whether the State put on sufficient evidence for a rational jury to determine beyond a reasonable doubt that the Defendant knowingly, by other than accidental means, treated the victim in an abusive manner. Because we resolve all conflicts of evidence in favor of the State, we must accept the medical testimony as found by the jury at trial. The medical experts, *en masse*, determined that the break of the victim's right ankle was not caused by an accidental fall. Instead, the type of break was entirely consistent with a violent twisting or pulling. Additionally, Dr. Campbell testified that the person who inflicted these injuries would be aware that the force applied would cause injuries. This circumstantial evidence leads to a clear and rational inference that the Defendant knowingly, by other than accidental means, abused this child. This "lack of accident" is also supported by the evidence that the child had numerous other breaks to her left leg. In my view, the circumstantial evidence here is "so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt." *State v. Crawford*, 470 S.W.2d 610, 612 (Tenn. 1971).

I would affirm the judgment of the trial court. Thus, I must, respectfully, dissent. I concur in the majority's opinion regarding all other issues

_____
ROBERT W. WEDEMEYER, JUDGE

2